1

2

3

4                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
5                                       AT TACOMA

6    RICHARD CHARLES STRICKLER,
                                                     Case No. 3:15-cv-05087-JCC-KLS
7                           Plaintiff,

8          v.                                        REPORT AND RECOMMENDATION

9    CAROLYN W. COLVIN, Acting                       Noted for September 4, 2015
     Commissioner of Social Security,
10

11                          Defendant.

12

13

14

15

16

17          Plaintiff has brought this matter for judicial review of defendant's denial of his

18   application for disability insurance benefits. This matter has been referred to the undersigned

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

20   authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the

21   parties' briefs and the remaining record, the undersigned submits the following Report and

22   Recommendation for the Court's review, recommending that for the reasons set forth below,

23   defendant's decision to deny benefits be affirmed.

24

25                             FACTUAL AND PROCEDURAL HISTORY

26          On November 16, 2011, plaintiff filed an application for disability insurance benefits,

REPORT AND RECOMMENDATION - 1

1   alleging disability as of December 31, 2005. *See* Dkt. 10, Administrative Record ("AR") 13.

2   That application was denied upon initial administrative review on December 22, 2011, and on

3   reconsideration on February 1, 2012. *See id.* A hearing was held before an administrative law

4   judge ("ALJ") on May 2, 2013, at which plaintiff, represented by counsel, appeared and testified,

5   as did a vocational expert. *See* AR 26-53. Also at the hearing, plaintiff amended his alleged onset

6
    date of disability to September18, 2008. *See* AR 30.
7

8          In a decision dated May 16, 2013, the ALJ determined plaintiff to be not disabled. *See*

9   AR 13-21. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

10  Council on December 9, 2014, making that decision the final decision of the Commissioner of

11  Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On February 12, 2015,

12
    plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final
13
    decision. *See* Dkt. 3. The administrative record was filed with the Court on May 1, 2015. *See*
14
    Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the
15
16  Court's review.

17         Plaintiff argues defendant's decision to deny benefits should be reversed and remanded

18  for further administrative proceedings in light of new and material evidence submitted to the

19  Appeals Council, which plaintiff asserts shows the ALJ's evaluation of the medical and lay

20  witness evidence in the record and assessment of plaintiff's credibility are contrary to the weight

21
    of the evidence in the record. For the reasons set forth below, the undersigned disagrees that the
22
23  ALJ erred as alleged, and therefore recommends that defendant's decision be affirmed.

24                                         DISCUSSION

25         The determination of the Commissioner that a claimant is not disabled must be upheld by

26  the Court, if the "proper legal standards" have been applied by the Commissioner, and the

REPORT AND RECOMMENDATION - 2

1    "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

2    785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

3    359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

4    ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal

5    standards were not applied in weighing the evidence and making the decision.") (citing *Brawner*

6
     *v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).
7

8    Substantial evidence is "such relevant evidence as a reasonable mind might accept as

9    adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

10   omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

11   supported by inferences reasonably drawn from the record."). "The substantial evidence test

12
     requires that the reviewing court determine" whether the Commissioner's decision is "supported
13
     by more than a scintilla of evidence, although less than a preponderance of the evidence is
14
     required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence
15
     admits of more than one rational interpretation," the Commissioner's decision must be upheld.
16

17   *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

18   sufficient to support either outcome, we must affirm the decision actually made.") (quoting

19   *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

20
     In his decision the ALJ gave only limited weight to the functional limitations assessed by
21

22
     ─────────────────────
     [1] As the Ninth Circuit has further explained:
23
             . . . It is immaterial that the evidence in a case would permit a different conclusion than that
24           which the [Commissioner] reached. If the [Commissioner]'s findings are supported by
             substantial evidence, the courts are required to accept them. It is the function of the
25           [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may
             not try the case de novo, neither may it abdicate its traditional function of review. It must
             scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
26           rational. If they are . . . they must be upheld.

     *Sorenson*, 514 F.2dat 1119 n.10.

     REPORT AND RECOMMENDATION - 3

1  treating physician, Michael Ferrell, M.D., for the following reasons:

2      . . . Although the [functional assessment] form [Dr. Ferrell filled out] indicates
3      the limitations pertain to the period from December 2005 to December 2010,
       there is no evidence of a diagnosis of cervical radiculopathy until 2013
4      (Exhibit 11F-1-10). Treatment records reflect Dr. Ferrell saw the claimant on
       only two occasions during the period at issue[2], in November 2009 and July
5      2010. In November 2009, he performed no examination but prescribed
       Gabapentin. The claimant declined fibromyalgia classes or chronic pain
6      classes. (Exhibit 4F-17). At the July 2010 visit, fibromyalgia was described as
       improved on Cymbalta (Exhibit 4F-19). These minimal records, with lack of
7      examination findings, are insufficient to support the described limitations. Dr.
       Ferrell provides no specific findings to support the limitations. While the
8      evaluating rheumatologist noted positive trigger points consistent with
       fibromyalgia (Exhibit 2F), his minimal and sporadic follow-up treatment is
9      not consistent with the degree of functional limitations in the opinion of Dr.
10     Ferrell.

11 AR 18-19.

12     The ALJ is responsible for determining credibility and resolving ambiguities and
13
   conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).
14
   Where the medical evidence in the record is not conclusive, "questions of credibility and
15
   resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,
16
   642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v.*
17
18 *Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

19 whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

20 all) and whether certain factors are relevant to discount" the opinions of medical experts "falls
21
   within this responsibility." *Id.* at 603.
22

23

24 [2] To be entitled to disability insurance benefits, plaintiff "must establish that [his] disability existed on or before" the
   date his insured status expired. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *see also Flaten v. Secretary of*
25 *Health & Human Services*, 44 F.3d 1453, 1460 (9th Cir. 1995) (social security statutory scheme requires disability
   to be continuously disabling from time of onset during insured status to time of application for benefits, if individual
26 applies for benefits for current disability after expiration of insured status). Plaintiff's date last insured was
   December 31, 2010. *See* AR 15. Therefore, to be entitled to disability insurance benefits, plaintiff must establish he
   was disabled prior to or as of that date. *See Tidwell*, 161 F.3d at 601.

REPORT AND RECOMMENDATION - 4

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a

REPORT AND RECOMMENDATION - 5

nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may

constitute substantial evidence if "it is consistent with other independent evidence in the record."

*Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff argues substantial evidence does not support the ALJ in giving only limited

weight to Dr. Ferrell's opinion, because new treatment records submitted to the Appeals Council

shows Dr. Ferrell saw plaintiff on a third occasion in October 2009 as well (*see* AR 446), and not

just on the two occasions noted by the ALJ.[3] Even so, the record overall still shows at most three

visits occurred over the course of some nine months, which is insufficient to call into question

the ALJ's reasonable inference that the relatively few number of visits Dr. Ferrell had with

plaintiff undermined his credibility. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a

treating source has treated you and the more times you have been seen by a treating source, the

more weight we will give to the source's medical opinion.").

Plaintiff also points to a series of emails Dr. Ferrell exchanged with plaintiff during a

nine day period in June 2010, concerning his treatment and medication. *See* AR 427-30. Again,

though, this evidence fails to show the type of longstanding treatment relationship between

plaintiff and Dr. Ferrell such that the ALJ was required to give Dr. Ferrell's opinion greater

weight. As defendant points out, furthermore, plaintiff has not specifically challenged the ALJ's

other stated reasons for discounting Dr. Ferrell's opinion, namely that the "minimal records,"

"lack of examination findings" and "minimal and sporadic follow-up treatment" are inconsistent

with the degree of limitation Dr. Ferrell assessed. AR 18-19; *see also Batson v. Commissioner of*

*Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept treating

physician opinion if it is "brief, conclusory, and inadequately supported by clinical findings" or

---

[3] Evidence submitted for first time to the Appeals Council is part of the record the Court "must consider when
reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Security
Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 6

1    "by the record as a whole").

2         In terms of the ALJ's adverse credibility determination, plaintiff challenges that portion

3    thereof that reads in relevant part:

4         . . . In November 2009, the claimant was evaluated by Jennifer Dale Simpson,
          M.D., for chronic pain. He had 18 out of 18 tender points. Flexion and
5         extension of the back was good. Strength was slightly decreased diffusely in
          the upper extremities but he had normal neck flexor and extensor strength and
6         normal hand strength. He was uninterested in laboratory testing or medication
          trials. He was diagnosed with fibromyalgia. (Exhibit 2F). When seen for
7         follow-up by his primary care physician, he was started on Gabapentin. Bone
          scan showed mild degenerative changes of the lumbar spine, knees and feet
8         (Exhibit 4F-73). He was not interested in fibromyalgia classes or chronic pain
          classes (Exhibit 4F-17). The claimant's minimal treatment, lack of interest in
9         pursuing further evaluation of his complaints, and lack of interest in pursuing
          recommended classes to address his pain undermines his allegations of
10        debilitating symptoms.
11
12   AR 17.

13        Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at

14   642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580.
15
16   In addition, the Court may not reverse a credibility determination where that determination is

17   based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for

18   discrediting a claimant's testimony should properly be discounted does not render the ALJ's

19   determination invalid, as long as that determination is supported by substantial evidence.
20
     *Tonapetyan* , 242 F.3d at 1148.
21
22        To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent

23   reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what

24   testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also*

25   *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the

26   claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

REPORT AND RECOMMENDATION - 7

and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

Pointing to a notation regarding a voice mail message left for Dr. Simpson, in which it was reported he stated that he had "reconsidered her recommendations for lab work and possible medication and would like to follow her suggestions," plaintiff argues this new evidence that was also submitted to the Appeals Council undermines the ALJ's above stated reason for finding him to be less than fully credible. Dkt. 14, p. 9 (quoting AR 434). While this possibly goes to the issue of whether plaintiff was *interested* in pursuing Dr. Simpson's recommendations, there is no indication that plaintiff actually followed up on them. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (failure to assert good reason for not following prescribed treatment "can cast doubt on the sincerity of the claimant's pain testimony"). Accordingly, the Court finds this reason still constitutes a clear and convincing one.

As defendant notes, furthermore, plaintiff has not challenged the other reasons the ALJ gave for discounting his credibility. For example, the ALJ found the objective medical evidence in the record to be inconsistent with plaintiff's allegations of disability, including the "minimal" treatment records contained therein. AR 17-18; *see also Regennitter v. Commissioner of Social Security Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (determination that claimant's complaints

REPORT AND RECOMMENDATION - 8

are "inconsistent with clinical observations" can satisfy clear and convincing requirement). The ALJ also noted plaintiff showed "some improvement with treatment." AR 17; *see also Morgan*, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ may discount claimant's credibility on basis of medical improvement). The ALJ further pointed to plaintiff's reports of symptoms he had suffered that the treatment records did not reflect having been reported during the relevant time period. *See* AR 16-18; *Smolen*, 80 F.3d at 1284 (ALJ may consider prior inconsistent statements concerning symptoms). In addition, the ALJ noted plaintiff's activities, "which involved remodeling his house, walking a lot, and being very active, according to his own description," were inconsistent with his alleged disability. AR 19; *see Smolen*, 80 F.3d at 1284 (ALJ may consider daily activities).

Lastly, plaintiff challenges the ALJ's rejection of the lay witness statements from his wife, in regard to which the ALJ found:

> Victora [sic] Strickler, the claimant's spouse, reports he started having pain and headaches in 2000. Over the next 4 to 5 years, he had unexplained weight loss, was tired all the time, and took naps in the morning and afternoon. He had mood swings. They sold their home because he could not maintain the house and yard. Many pain medications were tried, but they made him moody. His memory is not good and he has trouble focusing. He has trouble walking and cannot sit for long periods without taking a nap. He missed a lot of time at work. His pain and fatigue made it hard to do his job and get along with people. He decided to retire in 2005. (Exhibit 8E). The allegations of the claimant's spouse are not fully credible and are given only partial weight. There is no objective medical evidence to support her allegations that the described symptoms began in 2000. The claimant continued to work as a firefighter through 2005. The record contains no evidence of mood swings, memory problems, or difficulty focusing during the period at issue. While he had some limitations due to pain from fibromyalgia, there is no evidence of debilitating symptoms prior to his date last insured. His minimal and sporadic treatment and lack of interest in pursuing recommended treatment undermines her allegations of debilitating symptoms.

AR 18.

REPORT AND RECOMMENDATION - 9

1

2

3

4

5

6

7

8

9

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642.

10

11

12

13

14

15

16

17

18

19

Plaintiff asserts the ALJ's assessment of his wife's statements is "contrary to the weight of the record when considering the new evidence," as it "directly contradict[s] the ALJ's findings about [his] treatment history." Dkt. 14, pp. 11-12. As discussed above, however, the additional evidence does not create a sufficient basis for challenging those findings. Nor has plaintiff challenged the ALJ's other reasons for finding his wife's statements to be less than fully credible. For example, the ALJ noted that her allegations regarding plaintiff's symptoms and when they began were not supported by the objective medical evidence in the record. *See* AR 18. This was proper. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence constitutes germane reason).

20

21

CONCLUSION

22

23

24

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm defendant's decision to deny benefits.

25

26

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and

REPORT AND RECOMMENDATION - 10

Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file

objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

is directed set this matter for consideration on **September 4, 2015**, as noted in the caption.

       DATED this 19th day of August, 2015.


                Karen L. Strombom
                United States Magistrate Judge

REPORT AND RECOMMENDATION - 11