THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD CHARLES STRICKLER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. C15-5087-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. No. 19), Plaintiff's Objections thereto (Dkt. No. 20), and Defendant's Response (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation over Plaintiff's objections.

**I.    BACKGROUND**

Plaintiff Richard Charles Strickler is a former Fire Captain with the city of Washougal, Washington. (Dkt. No. 10-6 at 36; Dkt. No. 14 at 2.) Beginning around 2003, Mr. Strickler's co-workers and supervisor noticed the back pain he was experiencing, and the affect it had on his work performance. (Letter from Ronald Caster, Dkt. No. 10-6 at 36.) Mr. Strickler has been diagnosed with fibromyalgia. (Dkt. No. 10-2 at 16.) In 2005, Mr. Strickler retired after struggling to stay on the job. (*Id.*) After applying for disability benefits and being denied, Mr.

Strickler appeared before Administrative Law Judge ("ALJ") S. Andrew Grace on May 2, 2013 in Portland, Oregon. (Dkt. No. 10-2 at 14.) The ALJ found that Mr. Strickler was not disabled within the meaning of the Social Security Act and denied his request for benefits. (*Id.*) He appealed to this Court, and on August 19, 2015, the Honorable Karen L. Strombom, United States Magistrate Judge, issued a Report and Recommendation recommending this Court affirm the decision of the ALJ. (Dkt. No. 19.) Mr. Strickler objected on two grounds, (Dkt. No. 20) and Defendant Responded to Plaintiff's objections (Dkt. No. 21).

## II.     DISCUSSION

### A.     Standard of Review

Upon objection to a magistrate's report and recommendation, district courts are required to review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Mr. Strickler objects on two grounds. First, he argues that Judge Strombom applied "too stringent a standard" in assessing the ALJ's reasoning for assigning little weight to the opinion of Dr. Michael Ferrell, M.D. (Dkt. No. 20 at 1.) Second, he objects that Judge Strombom "failed to observe the clear and convincing standard that applies to assessing a claimant's credibility" in her evaluation of the ALJ's reasoning for weighing Mr. Strickler's credibility. (*Id.* at 2.)

Pursuant to this *de novo* review, this Court reaches the same conclusions as Judge Strombom with respect to the ALJ's weight of Dr. Ferrell's testimony and assessment of Mr. Strickland's credibility. Accordingly, the Report and Recommendation is ADOPTED.

### B.     Objection One: Standard of Review and the ALJ's Assignment of Weight to Medical Testimony

The ALJ assigned limited weight to the medical opinion of treating physician Dr. Ferrell. (Dkt. No. 10-2 at 19.) This was based on (1) an inconsistency between the limitations period noted on a form filled out by Dr. Ferrell (2005-2010) and the date of an actual diagnosis based on those limitations (2013) as well as (2) the fact that Dr. Ferrell only saw Mr. Strickler

twice without performing an examination. (*Id.* at 19–20.) On appeal, Mr. Stickler argued that he, in fact, visited Dr. Ferrell a third time and that therefore the ALJ's assignment of little weight to Dr. Ferrell's medical opinion was not supported by substantial evidence. (Dkt. No. 14 at 8.)

In evaluating the ALJ's basis for rejecting Dr. Ferrell's testimony, Judge Strombom explicitly noted the deference typically due treating and examining physicians. (Dkt. No. 19 at 5.) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Judge Strombom found that the overall record was "insufficient to call into question the ALJ's reasonable inference that the relatively few number of visits Dr. Ferrell had with Plaintiff undermined his credibility." (*Id.* at 6.) (citing 20 C.F.R. § 404.15.27(c)(2)(i)). This Court agrees. Upon *de novo* review in light of Mr. Strickler's objection, the Court determines that the difference between two and three visits to Dr. Ferrell does not change the determination that the ALJ had specific, legitimate reasons, supported by substantial evidence, to discount Dr. Ferrell's medical opinion. As such, no reversible error occurred with respect to the ALJ's assignment of weight to that medical testimony.

C. **Objection Two: Grounds for Weighing Mr. Strickler's Credibility**

The ALJ made an adverse determination with respect to Mr. Strickler's credibility based on his conduct surrounding an evaluation by Dr. Jessica Simpson, M.D. (Dkt. No. 10-2 at 18.) The record before the ALJ indicated that Mr. Stickler exhibited a lack of interest in testing and follow-up pursuant to his evaluation by Dr. Simpson. (*Id.*) On appeal, Mr. Stickler presented evidence of a voicemail he left Dr. Simpson on November 9, 2009, expressing that he had "reconsidered her recommendations for lab work and possible medication and would like to follow her suggestions." (Dkt. No. 14 at 7.) In other words, Mr. Strickler argues—on appeal and in his present objections—that this additional evidence makes the ALJ's credibility finding based on his lack of interest in treatment constitute reversible error.

Judge Strombom concluded that evidence of this voicemail from Mr. Strickler did not

negate the finding that the ALJ had clear and convincing reasons to discount his credibility. (Dkt. No. 19 at 8.) Mr. Stickler objects to the Report and Recommendation, arguing that Judge Strombom "essentially failed to observe the clear and convincing standard that applies to assessing a claimant's credibility" based on her finding that evidence of a voice mail from Mr. Strickler to Dr. Simpson was not consequential to the ALJ's determination. (Dkt. No. 20 at 2.) To the contrary, Judge Strombom very clearly applied the "clear and convincing" standard to her review of the ALJ's credibility determination. (*Id.* at 8–9.)

The ALJ may consider "ordinary techniques of credibility evaluation" in determining a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In discounting claimant credibility, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). As Judge Strombom indicated, questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Upon its *de novo* review, this Court also finds that the ALJ identified affirmative, clear and convincing reasons to discount Mr. Strickler's credibility. These included the "minimal" treatment records contained in the overall evidence, the fact that Mr. Stickler demonstrated "improvement with treatment," the fact that Mr. Stickler's reports of the timing of his symptoms was inconsistent with treatment records, the nature of Mr. Stickler's daily activities, "which involved remodeling his house, walking a lot, and being very active." (Dkt. No. 10-2 at 16–19.)

In short, as already determined by Judge Strombom, the ALJ provided clear and convincing reasons to discount Mr. Stickler's credibility. Even in light of the voicemail to Dr. Simpson, it was not reversible error for the ALJ to assess Mr. Stickler's credibility in the manner he did.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation (Dkt. No. 19) over Plaintiff's objections. Accordingly, the decision of the ALJ is affirmed and

1. the above-captioned matter is dismissed.
2.     DATED this 25 day of September 2015.

                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE